**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT W. MILGRAM, M.D.,**

             **Plaintiff,**        No. 3:02-cv-0255
                                     (GLS)

    **v.**

**ORTHOPEDIC ASSOCIATES OF 65**
**PENNSYLVANIA AVENUE, BINGHAMTON,**
**NEW YORK**, **P.C.,** as Plan Administrator
of the Orthopedic Associates Defined
Contribution Pension Plan; **ROBERT M.**
**SEDOR, JR., CFP, RFC; UPSTATE**
**MANAGEMENT ASSOCIATES, INC.**
d/b/a **THE BAY RIDGE GROUP;** and
**NORAH A. BREEN,**

             **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Mackenzie, Hughes Law Firm      CARTER H. STICKLAND, ESQ.
101 South Salina Street              DAVID M. GARBER, ESQ.
Suite 600
Syracuse, New York 13202-4967

**FOR THE DEFENDANTS:**

*Orthopedic Associates*
Hancock, Estabrook Law Firm       JAMES E. HUGHES, ESQ.
1500 AXA Tower I
Syracuse, New York 13221

*Robert M. Sedor, Jr. and*
*Upstate Management Associates*
Costello, Cooney Law Firm              PAUL G. FERRARA, ESQ.
205 South Salina Street
Syracuse, NY 13202

*Norah A. Breen*
Sapir, Frumkin Law Firm                WILLIAM D. FRUMKIN, ESQ.
399 Knollwood Road, Suite 310
White Plains, NY 10603

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

On March 30, 2010, following a non-jury ERISA[1] trial, the court issued a Memorandum-Decision and Order finding, among other things, plaintiff Dr. Robert Milgram entitled to recover a money judgment in the amount of $1,571,723.73 against defendant the Orthopedic Associates Defined Contribution Pension Plan (the Plan). (*See* Mar. 30, 2010 Order at 12-13, 63-64, Dkt. No. 12.) In addition, the court found that based on undisputed concessions made at trial, Milgram abandoned his 29 U.S.C. § 1132(a)(2) breach of fiduciary duty claim against Orthopedic Associates as

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

2

Plan Administrator. (*See id.* at 8, 30-31.) Pending are the Plan's motion for declaratory relief and to stay enforcement of the Order, (*see* Dkt. No. 45), and Milgram's motion for relief from the finding of abandonment pursuant to FED. R. CIV. P. 60(b)(6), (*see* Dkt. No. 43). For the reasons that follow, the court denies both motions.

## II. Discussion

### A. Stay of Enforcement

In the March 30, 2010 Order, the court made it abundantly clear that the Plan has an obligation to Milgram that is independent of Nora Breen's liability, and that the Plan is therefore independently liable to compensate Milgram for what he is owed, $1,571,723.73. (*See* Mar. 30, 2010 Order at 37, Dkt. No. 12.) Thus, having considered the arguments that the Plan's counsel rehashes in the pending motion, and finding them still unpersuasive and obtuse, the court denies the Plan's motion and repeats for a third time that under § 1132(a)(1) the Plan is obligated to Milgram as a plan participant for $1,571,723.73. And because the court certified the March 30, 2010 Order as a final judgment under FED. R. CIV. P. 54(b), (*see id.* at 43-46), Milgram's $1,571,723.73 money judgment is fully and presently enforceable against the Plan.

3

**B.     Relief from Judgment**

Milgram requests that the court relieve him from the finding that he abandoned his claim under § 1132(a)(2) against Orthopedic Associates as Plan Administrator.  (*See* Dkt. No. 43.)  Specifically, invoking Rule 60(b)(6) of the Federal Rules of Civil Procedure, Milgram contends that in light of a change in Supreme Court precedent that occurred after his abandonment, extraordinary circumstances and equitable considerations countenance such relief.  (*See* Pl. Mem. of Law at 17-21, Dkt. No. 43:2.)  The court disagrees.

Rule 60 provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any ... reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  Because Rule 60(b) "allows extraordinary judicial relief," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citations omitted).  Rule 60(b) is properly used to achieve "substantial justice ... yet final judgments should not be lightly reopened."  *Nemaizer*, 793 F.2d at 61 (internal

4

quotation marks and citations omitted). The court must consider a party's interest in pursuing the merits of his claims, society's interest in finality, and any undue hardship that will be imposed on other parties. *See Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *see also United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977). However, "[a]n argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief ...." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) (citation omitted).

Here, Milgram's argument is that when he abandoned his § 1132(a)(2) breach of fiduciary duty claim in 2006, Supreme Court jurisprudence recognized a § 1132(a)(2) claim brought on behalf of a pension plan but not by an individual participant. (*See* Pl. Mem. of Law at 3, Dkt. No. 43:2 (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985).) And according to Milgram, the Supreme Court's decision in *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 255-56 (2008), changed the law by permitting an individual participant to maintain a § 1132(a)(2) claim against a plan fiduciary. (*See id.* at 3-4.) Based on this development, Milgram posits that fertile ground exists for relief and that

5

judgment should also be granted in his favor against Orthopedic Associates as Plan Administrator. (*See id.* at 4.)

Preliminarily, the court is loath to be consumed with the question of whether *LaRue* constituted an actual change or a mere clarification of then-existing law, particularly since "[i]ntervening developments in the law by themselves rarely constitute extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *see also Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) ("[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." (citation omitted)). Nonetheless, an intervening decision of law may give rise to "extraordinary circumstances" depending on:

> (1) whether the new law is "beyond any question inconsistent" with the earlier decision; (2) whether the moving party notified the court of a pending case or motion that may alter the decisional law; (3) whether "substantial" time had elapsed between the earlier decision and the pending motion; and (4) whether the equities strongly favor the moving party.

*Devino v. Duncan*, 215 F. Supp. 2d 414, 418 (S.D.N.Y. 2002) (quoting *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 90 (2d Cir. 1996)).

These factors individually and in the aggregate weigh against

6

Milgram's request. First, the relevant holding in *LaRue* is not "beyond any question inconsistent" with *Russell*.[2] Rather, as discussed in the court's March 30, 2010 Order, *LaRue* distinguished *Russell*—which concerned defined benefit plans—by holding that participants in a defined contribution plan may bring a § 1132(a)(2) claim against a fiduciary, and that *Russell* was "beside the point in the defined contribution context." *LaRue*, 552 U.S. at 255-56; *see also Fisher v. JPMorgan Chase & Co.*, 303 Fed. Appx. 979, 981 (2d Cir. 2008) (unpublished). Accordingly, it seems quite clear that *LaRue* does not rise to the level of "inconsistency" contemplated by *Sargent*. As to the second and third factors, over two years passed between the date *LaRue* was decided, February 20, 2008, and March 30, 2010. During this time, Milgram neither notified the court of *LaRue* nor sought reinstatement of his § 1132(a)(2) claim. Rather, he asserts this argument for the first time three months after the final March 30, 2010 Order. Lastly, since it was Milgram who made the decision to abandon his § 1132(a)(2) claim on the first day of trial, it would be manifestly unfair at this stage to reinstate a claim or summarily attach liability to Orthopedic

---

[2] As defendants point out, it is noteworthy that in commencing this action, Milgram asserted a claim against Orthopedic Associates under § 1132(a)(2), which suggests that he did not read *Russell* to be germane or controlling in this case. (*See* Compl. ¶ 47, Dkt. No. 1.)

Associates as Plan Administrator. Thus, having already found Milgram entitled to full recovery from the Plan, the court finds that further relief would be both unnecessary and inequitable. Consequently, the court denies Milgram's Rule 60(b) motion.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Orthopedic's motion to stay enforcement (Dkt. No. 42) of the court's March 30, 2010 Order is **DENIED**; and it is further

**ORDERED** that Milgram's motion for relief (Dkt. No. 43) from the court's March 30, 2010 Order is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 9, 2010
Albany, New York

*[Signature]*
United States District Court Judge